IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL L. BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. H-09-2193 |
| | § | |
| THOMAS E. BILEK, et al., | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced putative class action, grounded in diversity jurisdiction and removed from Texas state court pursuant to the Class Action Fairness Act, 28 U.S.C., 28 U.S.C. § 1332(d) and 28 U.S.C. § 1443, and pursuant to 28 U.S.C. § 1446, is Defendants Thomas E. Bilek, The Bilek Law Firm, L.L.P. and Hoeffner & Bilek, L.L.P.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or, alternatively, under Federal Rule of Civil Procedure 9(b) for failure to plead fraud with particularity (instrument #2).

### Standards of Review under Rules 12(b)(6) and 9(b)

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Kane Enterprises v. MacGregor (US), Inc.*, 322 F.3d 371,

374 (5th Cir. 2003), *citing Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).

Generally, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1955. Furthermore, the plaintiff must

plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins*, 224 F.3d at 498; *see also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *11-12, 14 (S.D. Tex. Jan. 31, 2008). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

Recently, in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009)(5-4), the Supreme Court, applying the *Twombly* plausibility standard to a *Bivens* claim of unconstitutional discrimination and a defense of qualified immunity for government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake. Malice intent, knowledge, and other conditions of a person's mind may be alleged generally."

The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005). *See also Williams v. WMX Technologies*, 112 F.3d 175, 177 (5th Cir. 1997)("Pleading fraud with particularity in this circuit requires time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby."). Rule 9(b) expressly states, "Malice intent, knowledge, and other conditions of a person's mind may be alleged generally."

Generally Rule 9(b) does not apply to a claim of breach of fiduciary duty, which is reviewed under Rule 8(a)'s notice standard ("a short and plain statement of the claim showing that the pleader is entitled to relief"). *See, e.g., City of Driscoll, Texas v. Saenz*, No. Civ. Action C-06-543, 2007 WL 173232, *5 (S. D. Texas Jan. 17, 2007)(and cases cited therein). When the breach of fiduciary duty claim is predicated on fraud, Rule 9(b) is implicated. *Id.* at *5 and n.4., *citing inter alia In re Electronic Systems Corp. ERISA Litig.*, 305 F. Supp. 2d 658, 672 (E.D. Tex. 2005)("Only a breach of fiduciary duty claim which includes a fraud claim implicates Rule 9(b)."); *Westar Energy, Inc. ERISA Litig.*, No. 03-4032-JAR, 2005 WL 2403832, *4 (D. Kan. 2005)("courts have applied the heightened pleading standards of Rule 9(b) to . . . breach of fiduciary duty claims that are predicated on fraudulent conduct"); *Tigue Investment Co., Ltd. v. Chase Bank of Texas, N.A.*,

No. Civ. A. 3:03 cv 2490 N, 2004 WL 3170789, *2 (N.D. Tex. 2004).
*See also Ingalls v. Edgewater Private Equity Fund, III, L.P.*, No.
Civ. A. H-05-1392, 2005 WL 2647962, *5 (S.D. Tex. Oct. 17, 2005).
Here Plaintiff's breach of fiduciary duty claim rests on
allegations of fraud in obtaining attorney's fees, so Rule 9(b)
applies to both of Plaintiff's claims.

### Factual Allegations in Petition

According to Plaintiff Michael L. Brown's Original
Petition, he, along with members of his proposed class, was an
Enron shareholder and a member of the class certified in *In re
Enron Corporation Securities Litigation (Newby, et al. v. Enron
Corp., et al.*, H-01-3624 (Consolidated Cases)), presided over by
the undersigned judge. Plaintiff's proposed class is defined as

> All persons or entities who, as shareholders
> of Enron Corporation, participated in, did not
> opt out of, and received monies as a result of
> the settlement of the class action styled: *In
> re ENRON CORPORATION SECURITIES LITIGATION*,
> *Civil Action No. H-01-3624 (Consolidated), In
> the United States District Court, Southern
> District of Texas, Houston Division*.

Plaintiff's Original Class Action Petition, Ex. 1 to Notice of
Removal, instrument #1.

The shareholders in Plaintiff's currently proposed class
were clients of attorney Defendants Thomas E. Bilek, the Bilek Law
Firm, and Hoefner & Bilek, L.L.P. (collectively, "Bilek"), which
were listed as "Attorneys in Charge" and served as local counsel
during that *Newby* litigation. Plaintiff filed the instant action
in state court alleging breach of fiduciary duty arising out of the

attorney-client relationship[1] and fraud against Bilek.  The suit seeks disgorgement of all attorneys' fees received by Bilek in the *Newby* litigation in the aftermath of several settlements, damages suffered as a result of Defendants' fiduciary duty breaches, and punitive damages.  In the Original Petition Plaintiff claims that the putative class suffered damages because their recovery as class members was proportionately reduced by the unlawful and unreasonable fees collected by Defendants.

Specifically Brown complains that Bilek

> provid[ed] to the Court information that was in some cases patently and demonstrably false and in other cases, grossly exaggerated, in order to justify a fee award for him and the law firms with whom he was affiliated. Specifically, Bilek falsely represented to a Houston Federal Judge that he and members of his firm had expended more than four thousand hours working on the *Enron* Case.  As a result of Bilek's misrepresentations, Bilek received attorneys' fees exceeding $16 million.

Original Petition at 1.

Brown also alleges,

> On April 30, 2008, as part of the various attorneys' efforts in the case to obtain fees, Defendants submitted a 107 page document, setting forth the hours and tasks allegedly expended and performed by Defendants in the *Enron* Case.  In a multitude of material respects, the submission in support of the fee award provided by Defendants in the *Enron* Case is patently false.  As a result of Defendants' misrepresentations to the Court, Defendants

---

[1] Plaintiff cites and relies on *Burrow v. Arce*, 997 S.W. 2d 229 (Tex. 1999)(holding that an attorney who breaches his fiduciary duty to his client may be required to forfeit all or part of his fee, irrespective of whether the breach caused the client actual damages).

> received more than $16 million in attorneys'
> fees from the *Enron* case.  Such fee reduced
> the amount of recovery available to distribute
> to the class members.

*Id.* at 3.

The complaint further asserts,

> Defendants breached this [attorney-client]
> fiduciary duty by providing false information
> to the Court to justify a fee award, by
> violating criminal laws, and by violating
> various attorney ethical obligations imposed
> by the State Bar of Texas.  Specifically,
> Defendants made up hours worked, exaggerated
> hours actually worked, claimed they were
> working on the *Enron* case but were instead
> performing other tasks, lied and overstated to
> the Court Bilek's and his firms' roles and
> significance in the *Enron* Case, and failed to
> keep contemporaneous hours.  Unbeknownst to
> Plaintiff and the Plaintiff class until very
> recently, the fee application submitted by
> Defendants was patently false, and sought an
> unreasonable and outrageous fee in light of
> the work Defendants actually performed.

Original Petition at 3-4.

Plaintiff seeks punitive damages because the breaches
"occurred in bad faith and with maliciousness,"[2] and argues that
"because Defendants' conduct includes violations of the criminal
laws, the punitive damages . . . are not subject to capping."
Original Petition at 5.  The complaint also prays for a
constructive trust over the fees, ultimately to be distributed to
the Plaintiff's class.

---

[2] Original Petition at 3.

Brown did not object to the requested fees in the record or at the hearing before they were awarded, allegedly because he did not know about the alleged misconduct at the time.

### Defendants' Motion to Dismiss

Defendants urge dismissal of Brown's pleadings for three reasons.

First, Brown cannot represent the class of settlement fund recipients in *Newby* because that class is already represented by the Regents of the University of California and its Lead Counsel, the Coughlin Stoia law firm, pursuant to their appointment under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 4(a)(3)(B)(i)(iv).[3]  The fee award was made pursuant to the PSLRA.  If there are legitimate claims to be asserted on behalf of the class, they should be brought by Lead Plaintiff, consistent with the PSLRA.  Brown's "new" class is

---

[3] Defendants point out that although on June 19, 2009, Lead Plaintiff in *Newby* requested that Brown's attorney provide it with substantiation of his allegations, counsel refused.  *See* Lead Plaintiff's Notice of Case Against Thomas Bilek, #6142 in H-01-3624, filed on June 22, 2009.  In its Notice, Lead Counsel wrote,

> Mr. Bilek submitted his time (a lodestar of $2.3 million) in *Enron* under oath. . . . Mr. Bilek's time constitutes approximately 2% of the total lodestar time submitted. The Regents and Lead Counsel reviewed Mr. Bilek's time prior to submitting it to the Court and over the years observed Mr. Bilek's work in the case.  At this time, neither Lead Plaintiff nor Lead Counsel have any reason to believe that there was any impropriety with respect to Mr. Bilek's submitted time.  Nevertheless, The Regents and Lead Counsel take the allegations seriously and on June 19, 2009, asked Anthony Buzbee, counsel for Michael L. Brown, for any and all substantiation of the allegations.  To date, Mr. Buzbee has not responded.

identical to the class in *Newby* and is already represented by The
Regents.   Defendants point out that this Court faced a similar
situation when Richardson, Stoops tried to pursue a claim for part
of Lead Counsel's attorney's fee in California state court, and
this Court issued a Temporary Restraining Order against that firm,
holding, "As Lead Plaintiff, the Regents, with this Court's
approval and supervision, are entitled to determine who serves as
counsel to the class and what fees those attorneys earn for their
work pursuant to the PSLRA." #5358 at 3, in H-01-3624.[4]  *See also
In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 199 (3d Cir.
2005)("any attorney who wishes to be compensated out of the
plaintiff class's recovery in a class action governed by the PSLRA
must submit his fee requests to the PSLRA lead plaintiff.").  Brown
must pursue his claims through Lead Counsel.

    Second, even if Brown were allowed to "hijack the
representation" of the *Newby* class, he cannot properly challenge
the fee award by this action.   In essence, because he seeks to
obtain relief from this Court's Order of September 8, 2008, which
determined that the fees awarded to Lead Counsel in *Newby* were
"fair and reasonable" fees (#6026 in H-01-3624), the disgorgement

---

    [4] In that Temporary Restraining Order this Court also wrote,
"Richardson, Stoops' artful characterization appears to be a
blatant attempt not only to avoid this Court's jurisdiction, but to
circumvent the PSLRA's provisions that Lead Plaintiff, once
appointed, oversees and controls which counsel participate on the
class's behalf and what remuneration they receive." #5358 at 2.
It later restated this point:  "The Regents, as Lead Plaintiff,
have the exclusive authority, again, subject to this Court's
exclusive jurisdiction and oversight, to select counsel to
represent the class and approve their fee."  *Id.*

he seeks necessarily requires reducing the overall amount of fees awarded to Lead Counsel and returning them to the class.

Furthermore, to properly reclaim those fees distributed to Bilek and to return those fees to the class,[5] he has two options: (1) he can file a Rule 60(b) motion, but has not, or (2) file an independent action consistent with the PSLRA to set aside the order. To prevail in such an independent action, Brown would have to demonstrate that he has a good challenge to the award. *Addington v. Farmer's Elevator Mutual Ins. Co.*, 650 F.2d 663, 668 (5th Cir.), *cert denied*, 454 U.S. 1098 (1981).[6] Defendants insist he cannot plead, no less establish, a "good defense" to the fee award because even if Bilek's fee was inflated, the fee award in *Newby* was based on the *ex ante* percentage fee agreement between The Regents and Lead Counsel. *In re Enron Corp.*, 586 F. Supp. 2d at

---

[5] *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 586 F. Supp. 2d 732 (S.D. Tex. 2008).

[6] Fed. R. of Civ. P. 60(b) permits a court to entertain an independent action to relieve a party from a judgment, or to set aside a judgment for fraud upon the court. *Addington*, 650 F.2d at 667 n.6. In *Addington*, the Fifth Circuit set out the essential elements that must be shown for an independent action to obtain relief from a prior judgment:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of any defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law.

*Id.* at 667-68, *citing Bankers Mortgage Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970), *cert. denied*, 399 U.S. 927 (1970).

828.  The fee awarded to Lead Counsel by the Court, as permitted by the PSLRA, was based on a fee agreement negotiated at the beginning of the case between Lead Counsel and The Regents, to which none of the other attorneys that subsequently worked on the consolidated case under Lead Counsel were parties.  That agreement provided for a sliding scale percentage fee to Lead Counsel which, based on the total recovery from settlements in *Newby*, resulted in a 9.52% fee, or approximately $688 million.  Even if all of Bilek's claimed hours in *Newby*, which represented less than 2% of the total attorney time reported in the case, were omitted, that omission would not change the fee award because the amount awarded to Lead Plaintiff was not based on the inflated time claimed by Bilek.[7]

Third, and alternatively, Defendants insist Brown fails to plead with the particularity required by Rule 9(b).

### Plaintiff's Response and Alternatively, if Necessary, Motion for Leave to Amend His Complaint

Plaintiff insists that his lawsuit alleges fraud and breach of Defendants' fiduciary duties because one of their lawyers falsified the hours worked on *Newby*; he seeks damages and disgorgement (forfeiture) of the approximately $18 million received as fees by Bilek for work on the *Newby* case, as well as punitive damages.  Under Texas law, lawyers owe a fiduciary duty to their clients.  *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W. 3d 193, 199

---

[7] Defendants note that although the Court also performed a lodestar cross-check in case it was required by the Fifth Circuit, that review was not the basis of the Court's award.  *In re Enron Corp.*, 586 F. Supp. 2d at 778.

(Tex. 2002).   Defendants do not dispute that they were local counsel in the Enron case and that they owed Plaintiff and the putative class a fiduciary duty.  Plaintiff maintains that he has pleaded all the elements of a breach of fiduciary duty:  (1) a fiduciary relationship between Plaintiffs and Defendants; (2) Defendants breached this duty; and (3) the breach caused injury to the plaintiff or benefit to Defendants. *Jones v. Blume*, 196 S.W. 3d 440, 447 (Tex. App.--Dallas 2006, pet. denied).

        Plaintiff emphasizes that this is not a securities case, nor brought under nor subject to the PSLRA, which is irrelevant to his suit, nor does it seek to set aside the fee order[8] or to challenge the reasonableness and fairness of the Enron settlement or represent the same class as certified in *Newby*.[9] Instead this action is against one lawyer for breach of fiduciary duty.  He contests Defendants' "flawed logic, so long as a class action attorney is able to conceal his fraud through the fairness hearing, the attorneys' portion of the fee award cannot be challenged." During the fairness hearing in *Newby*, Plaintiff was not aware of the falsification and therefore could not and did not object to the fee application.

_____

    [8] Plaintiff agrees that the fee award did not award the Bilek Defendants any fees, but instead awarded fees to Lead Counsel for allocation.

    [9] Plaintiff fails to explain why his class definition expressly embraces just the *Newby* class that shares in the common fund created by the settlements with financial institutions.

Plaintiff insists that he is "the master of his complaint" and that Defendants attempts to re-characterize his allegations as a Rule 60(b) motion or independent action are improper. He maintains that he is not seeking to represent the same class as that in *Newby* suing Enron, but is seeking to represent "a different class, seeking different remedies, brought against different Defendants, at a different time, for different conduct, under different law." Response at 6. Specifically he is bringing claims under Texas law for breach of fiduciary duty against only the Bilek Defendants and seeks an equitable remedy of fee forfeiture that is recognized in *Arce v. Burrow*, 997 S.W. 2d at 238-40 (when only fee forfeiture is at issue, actual harm need not be proven because "[i]t is the agent's disloyalty, not any resulting harm, that violates the fiduciary relationship and thus impairs the basis for compensation."). Fiduciary duties are designed not merely to protect the principal, but to regulate the fiduciary agent. *See Restatement (Second) of Agency* § 469. Suits for breach of fiduciary duty that seek disgorgement are focused on regulating the behavior of the fiduciary, not remedying the harm to the client. *Id*. Distinguishing his suit from *Newby*, Plaintiff argues that he is not trying to overturn the fee order, challenge that amount of fees awarded to Lead Counsel, argue that the fees were not reasonable and appropriate, challenge the method and manner that such fees were to be distributed by the Lead Plaintiff, or challenge the reasonableness or appropriateness of the *Newby* settlement.

Plaintiff maintains that under Rule 9(b) he need only set forth simple, concise and direct allegations of the circumstances constituting fraud, which he has more than satisfied.

While Plaintiff does not plead alternatively his motion for leave to amend, the heading of his Response indicates he intended to.

### Court's Ruling

As a threshold matter, the Court agrees with Defendants that Brown's proposed class is identical to that which was certified prior to the settlements in *Newby* and for which Lead Plaintiff and Lead Counsel were appointed as representative Plaintiff and Counsel with the exclusive authority to represent the class and approve fees, subject to this Court's oversight.  #5358 in H-01-3624.

Brown's claim arises directly out of the fee award to Lead Counsel in *Newby*, who in turn distributed fees based in substantial part on the fee applications and records of participating law firms Lead Counsel determined had aided him, including that of Bilek; if Brown has valid claims against Bilek, they should be presented to Lead Plaintiff to determine whether they would choose to pursue the matter through a Rule 60(b) motion or action.  For Rule 60(b) purposes, Lead Plaintiff The Regents has standing to reopen the fee issue as "a party or a party's legal representative."  A party's "legal representative" is one who stands in place and stead of another, such as an heir at law, and reaches only individuals in a position tantamount to that of a

party or whose legal rights are so intimately bound up with the parties that their rights are directly affected by the final judgment. *In re Matter of El Paso Refinery, L.P.*, 37 F.3d 230, 234 (5th Cir. 1994); *U.S. v. 8136 Dobson Street, Chicago, Illinois*, 125 F.3d 1070, 1082 (7th Cir. 1997)(same). Counsel within the attorney-client relationship are not "legal representatives" for the purposes of Rule 60(b). *Heyman v. M.L. Marketing Co.*, 116 F.3d 91 (4th Cir. 1997); *El Paso Refinery*, 125 F.3d at 234.

Defendants have argued that because this Court based its award on the fee agreement negotiated between The Regents and Lead Counsel, the amount requested by and awarded to Bilek is irrelevant, because if forfeited, it would go to Lead Plaintiff and not affect the class common fund. While this Court did conclude that the fee award should be based on the initial agreement between the Regents and Lead Counsel, it recognized that some case law from the Fifth Circuit implied that the Fifth Circuit might instead require a lodestar analysis. Thus this Court alternatively provided such a calculation, based on fee applications and firms' records of hours and rates submitted by Lead Counsel and by the attorneys who worked with Lead Counsel on the prosecution of this case, including Bilek. The fee award is currently on appeal, and the Fifth Circuit has not yet ruled on which method applies nor whether the Court reasonably applied it. If the appellate court determines the lodestar controls and the calculations should have been done differently, any forfeiture based on Bilek's alleged breach of fiduciary duty and fraud would go into the common fund

and affect the class members' allocations if Lead Plaintiff decided to and succeeded in prosecuting a fraud/breach of contract claim based on newly discovered evidence.

Moreover, because that fee order is on appeal, this Court lacks jurisdiction to entertain a Rule 60(b) motion or action to grant or deny relief from its order.  But should the Fifth Circuit conclude that the lodestar analysis should apply, Lead Plaintiff, in light of Michael Brown's allegations, could choose to file a revised Rule 60(b) motion with the same kinds of claims.

Under the relevant part of Rule 60(b),

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(5) applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(c)(1) states, "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more  than a  year after the entry of the . . . order . . . ."  At this point nearly a year has passed since the Court entered the fee order on September 8, 2008.

"[T]he Rule 60(b) motion is not to be used as a substitute for appeal." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

"By its very nature, the rule seeks to strike a balance between two countervailing impulses:  the desire to preserve the finality of judgments and the 'incessant command of  the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc.*, 635 F.2d at 401, *quoting Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970).  That fact "is not to say that final judgments should be lightly reopened.  The desirability of order and predictability in the judicial process calls for the exercise of caution in such matters." *Id.*

Under Rule 60(b)(2), "'[t]o succeed on a motion for relief from judgment on newly discovered evidence [which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)], our law provides that a movant must demonstrate:  (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005), *quoting Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003).  "Factually incorrect judgments are the subject of Rule 60(b)(2)." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 n.4 (5th Cir. 1978).  The newly discovered evidence must be "'such that a new trial would probably produce a new result.'" *Id.*, *quoting Ag Pro, Inc. v. Sakraida*, 512 F.2d 141, 143

(5th Cir. 1975).   Brown has not pleaded with particularity how he discovered the new "evidence" nor precisely what it was.   Lead Plaintiff would have to do so should it decide to file timely such a motion.

For a Rule 60(b)(3) motion based on alleged fraud, misrepresentation, or misconduct by an opposing party, the movant must provide clear and convincing evidence that (1) the adverse party engaged in fraud or other misconduct and (2) the misconduct prevented the movant from fully and fairly presenting his case. *Government Financial Services One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 772 (5th Cir. 1995); *Hesling*, 396 F.3d at 641.   In contrast to rule 60(b)(2), Rule 60(b)(3) does not require that the information that is withheld be able to alter the outcome of the case. *Hesling*, 396 F.3d at 641, *citing Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978).   Rule 60(b)(3) targets "judgments which were unfairly obtained, not . . . those which are factually incorrect." *Id.*, *citing id.*

Rule 60(b)(6), which allows relief for "any other reason that justifies relief," "refers to any other reason than those contained in the five enumerated grounds on which a court may grant a Rule 60(b) motion. *Government Financial Services*, 62 F.3d at 773; *see also Hesling*, 62 F.3d at 643 ("This Court  has consistently held that relief under 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)."), *citing Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971).   A movant "cannot obtain relief under 60(b)(6) when the allegations of

fraud or misconduct are essentially the identical grounds for relief brought under [its] 60(b)(3) motion." *Helsing*, 62 F.3d at 643.

"'Rule 60(b)(6) 'is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.''" *Hesling*, 396 F.3d at 642, *quoting Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 10992). It is "appropriate only in an 'extraordinary situation' or 'if extraordinary circumstances are present.'" *Government Financial Services*, 62 F.3d at 773. *See also, e.g.*, *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir.)(The Fifth Circuit has held that Rule 60(b)(6) relief is narrowly circumscribed and "will be granted only if extraordinary circumstances are present.").

Because Rule 60(b)(2) and (3) are available to Lead Plaintiff, it cannot obtain relief under 60(b)(6).

Rule 60(d)(1) and (3), known as the "saving clause," which does not have the one-year limitation, makes clear that Rule 60 "does not limit a court's power to . . . (1) entertain an independent action  to relieve a party from a judgment, order, or proceeding . . . or (3) set aside a judgment for fraud on the court." The Advisory Committee Notes explain that Rule 60 provides for "[t]wo types of procedure to obtain relief from judgment": (1) "by motion in the court and in the action in which the judgment was rendered"; or (2) "by a new or independent action to obtain relief from a judgment, which action may or may not be begun in the court which rendered the judgment." The Note continues, "If the time to

make a motion is lost by the expiration of the time limits fixed in these rules, the only other procedural remedy is by the new or independent action to set aside a judgment . . . ."  Such may be the case here if Lead Plaintiff decides to pursue claims against Bilek.  In *United States v. Beggerly*, 524 U.S. 38, 44-45 (1998), the Supreme Court held that although most old forms[10] of obtaining relief from judgment had been abolished by the enactment of Rule 60 in 1946, one, the independent action sounding in equity, survived and is mentioned in the Advisory Committee Notes.  Moreover, the Supreme Court found that the subsequent independent action, for purposes of jurisdiction, "may be regarded as ancillary" to the first and "a continuation of the former suit."  *Id.* at 46. Nevertheless the high court also admonished that an independent action under Rule 60(b) should "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata."  *Id.* at 46, *citing Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944).  Such an action "should be available only to prevent a grave miscarriage of justice."  *Id.* at 47.

Although the original Rule 60(b) did not provide that fraud could be a ground for relief, the Note makes clear that under the amended rule, fraud can be an express ground for relief (1) by

---

[10] E.g., *coram nobis*,*coram vobis*, bills of review, bills in the nature of review, and *audita querula*.

motion and (2) under the savings clause by independent action in so far as established doctrine permits.

Nevertheless courts distinguish "fraud upon the court" under the savings clause from "fraud . . . misrepresentation, or other misconduct under subsection (3)." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 138 (5th Cir. 1978). In *Smith v. Waterman Steamship Corp.*, 31 Fed. Appx. 832, No. 01-30442, 2002 WL 180331, *2 (5th Cir. Jan. 3, 2002), *cert. denied*, 536 U.S. 906 (2002), the Fifth Circuit has opined,

> Rule 60(b) provides an extraordinary remedy because it can weaken the principle of finality and "the desire for a judicial process that is predictable." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)(quoting *Bailey v. Ryan Stevedoring Company, Inc.*, 894 F.2d 157, 160 (5th Cir. 1990). Rule 60(b) relief based on fraud upon the court is reserved for only "the most egregious misconduct." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1998). Fraud upon the court is a narrow concept that should include only those types of fraud that do, or attempt to, defile the court itself," or frauds that are "perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. *Kerwit Medical Products, Inc. v. N.&H. Instruments, Inc.*, 616 F.2d 833, 837 (5th Cir. 1980). In *First National Bank v. Lustig*, 96 F.3d 1554 (5th Cir. 1996), this Court further described the kinds of conduct that could constitute a fraud on the court:
>
> > To describe fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision. Generally speaking, only the most egregious misconduct, such as

> bribery of a judge or members of a
> jury, or the fabrication of evidence
> by a party in which an attorney is
> implicated, will constitute a fraud
> on the court. Less egregious
> misconduct, such as nondisclosure to
> the court of facts allegedly
> pertinent to the matter before it
> will not ordinarily rise to the
> level of fraud on the court.

> *Id.* at 1573 (internal quotation marks and
> citations omitted). The very first test for
> fraud on the court under Rule 60 is "whether
> the action in question prevented a party from
> fully and fairly litigating its case." *Id.*

*Smith v. Waterman Steamship Corp.*, 2002 WL 180331, *2. It does not

appear to the court that Brown's allegations meet these standards,

but the Court does not know what Lead Plaintiff might discover.

"'[T]he proper forum in which to assert that a party has

perpetrated a fraud on the court' is the court which allegedly was

a victim of that fraud.'" *Wilson v. C.I.R.*, 309 Fed. Appx. 829,

833 (5th Cir. 2009), *citing Chewning v. Ford Motor Co.*, 35 F. Supp.

2d 487, 491 (D.S.C. 1998), *Universal Oil Prods. Co. v. Root

Refining Co.*, 328 U.S. 575, 580-81 (1946), and *Weisman v. Charles

E. Smith Mgmt., Inc.* 819, F.2d 511, 514 (4th Cir. 1987).

The Court also agrees with Defendants that the Original

Petition fails to meet Rule 9(b)'s pleading fraud with

particularity. Brown fails to state when and how he learned of the

alleged fraud and breach of fiduciary duty, he does not identify

which entries in Bilek's fee application are fraudulent nor explain

why, or which entries are inflated or made up and how he knows.

Relating to punitive damages, he charges that Bilek violated

criminal laws and various attorney ethical obligations, but does not identify them nor explain how Bilek violated them.  Nor does he allege facts demonstrating bad faith and malice by Bilek.  The Petition is composed largely of vague, conclusory allegations.

Thus if Brown wishes to pursue his claims against Bilek, he must do so through Lead Plaintiff, which, in turn, must meet the pleading requirements.

Accordingly, for the reasons stated above, the Court

ORDERS that Bilek's motion to dismiss Plaintiff Michael L. Brown's action is GRANTED with prejudice.  Final judgment will be made by separate order.

**SIGNED** at Houston, Texas, this 20th day of August, 2009.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE